FILED
United States Court of Appeals
Tenth Circuit

October 3, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVID WEBB,

     Plaintiff - Appellant,

v.

ELIJAH SWENSEN; TRAVIS KEARL;
ALICIA MARIE WASHINGTON; ANDY
MUELLER; BENJAMIN REINKINS
SOKOLIK; MICHAEL ASHMENT;
BRETT JAY LYMAN; CLINT R.
DRAKE,

     Defendants - Appellees.

No. 16-4103
(D.C. No. 1:14-CV-00148-DB-DBP)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ**, and **PHILLIPS**, Circuit Judges.
_____

David Webb, proceeding pro se here as in the district court, appeals the district

court's orders adopting the recommendations of a magistrate judge to dismiss his

civil-rights action. The court ruled that Mr. Webb's proposed amended complaint

failed to state a claim and that leave to amend would be futile. Mr. Webb also

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

challenges the orders denying his motion to recuse the magistrate judge and denying certification under Fed. R. Civ. P. 54(b).

The district court granted Mr. Webb leave to proceed in forma pauperis (IFP) and dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2) (stating court shall dismiss an IFP action if it fails to state a claim upon which relief may be granted). Because the summons and complaint were never served on the defendants, they have filed no responsive pleadings either here or in the district court.

We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.    BACKGROUND

Mr. Webb has provided no factual context in his appellate brief for this court to consider his claims. *See* Fed. R. App. P. 28(a)(6) (requiring appellant's brief to contain, among other things, "a concise statement of the case setting out the facts relevant to the issues submitted for review"). Nevertheless, given Mr. Webb's pro se status, we have gleaned the following factual setting from his proposed second and third amended complaints, as well as from the magistrate judge's reports.

Mr. Webb, an African American, alleged that in September 2014, he and another man were sitting on the patio of an eatery in Ogden, Utah, when two men, later identified as defendants Mueller and Sokolik, harassed Mr. Webb by taking photographs and videos of him. He further alleged that the two men made threatening gestures toward him and threatened to kill him. After exchanging words with the two men, Mr. Webb called 911.

2

Defendants Swensen and Kearl, Ogden Police Officers, responded to the 911 call. The officers spoke with the two men and then with Mr. Webb. According to Mr. Webb, the officers were not concerned with the conduct of the two men, but informed Mr. Webb of a stalking complaint made by a woman, later identified as defendant Washington. The officers asked Mr. Webb if he had placed a rose on Ms. Washington's car. He denied doing so. Although Mr. Webb requested that the officers arrest the two men, they did not. Mr. Webb alleged that Officer Swensen said, "here in Ogden there are few Black Men and these two (2) White Males can do whatever they want to both of you and not be arrested for their actions." R. Doc. 25-1, at 11. Ultimately, the officers left the scene without charging or arresting anyone. Mr. Webb later learned the identities of the men through public-record requests and inquiries with the police department.

Mr. Webb filed suit under 42 U.S.C. §§ 1983, 1985, 1986, 2000d to 2000d-7 (Title VI of the Civil Rights Act of 1964), and Utah state law. In addition, he asserted claims under the First, Fourth, Sixth, and Fourteenth Amendments. The magistrate judge recommended dismissing Mr. Webb's complaint and proposed amended complaints for failure to state a claim. The district court adopted those recommendations and closed the case. Mr. Webb unsuccessfully sought recusal of the magistrate judge and the district judge.

## II. STANDARDS OF REVIEW

"Like dismissals under Rule 12(b)(6), we review *de novo* a district court's *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2) in an *in forma pauperis*

3

proceeding." *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1094 (10th Cir. 2009). A complaint is subject to dismissal unless it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). We "accept[] all well-pleaded factual allegations in the [amended] complaint as true and constru[e] them in the light most favorable to the plaintiff." *In re Level 3 Commc'ns, Inc. Sec. Litig.*, 667 F.3d 1331, 1339 (10th Cir. 2012).

We have liberally viewed Mr. Webb's pro se filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We do not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* Moreover, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Id.* (internal quotation marks omitted).

## III. DISCUSSION

### A. Sufficiency of Proposed Third Amended Complaint

For his first appellate issue, Mr. Webb argues that his proposed third amended complaint was sufficient under § 1915(e)(2). The district court dismissed the case because the proposed second amended complaint failed to state a claim.[1]

"A dismissal with prejudice is appropriate where a complaint fails to state a claim . . . and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). On appeal, Mr. Webb merely asserts

---

[1] Mr. Webb filed a proposed first amended complaint, but before the magistrate judge evaluated it, Mr. Webb filed his second amended complaint, which the district court ruled failed to state a claim.

his proposed third amended complaint alleges that the state actors, Officers Swensen and Kearl, Police Chief Ashment, City Attorney Drake, and Ogden City Corporation, discriminated against him on the basis of race. He has made no attempt to explain how his third amended complaint cures the deficiencies in his proposed second amended complaint, and we decline to search the record or make an argument for him.[2] Therefore, allowing leave to amend would have been futile.

## B. Selective Enforcement

Next, Mr. Webb contends the magistrate judge and the district court impermissibly resolved disputed material facts and weighed the evidence. But rather than identify disputed facts the court impermissibly resolved, Mr. Webb contends Officer Swensen's alleged remark about not protecting Mr. Webb because of his race stated various federal and state-law claims. He asserts claims under Title VI for race discrimination, with a related claim under the False Claims Act (FCA) alleging the defendants submitted false claims to the Department of Justice to participate in federal financial aid programs. He invokes the "stripping doctrine," which he asserts allows defendants to be sued in their individual capacities. Aplt. Br. at 14. He argues the following doctrines do not apply: Utah governmental immunity, exhaustion of state remedies, and qualified immunity. He also asserts the state-law

---

[2] Mr. Webb's appellate brief does not mention defendant Lyman (Owner of Scrud's Gourmet Grub, LLC). Thus, any claims against him are waived. *See Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1233 (10th Cir. 2015) (holding issue waived on appeal where party did not make any meaningful appellate argument).

5

claims of intentional infliction of emotional distress, false arrest, false imprisonment, and malicious prosecution.

Taking as true Mr. Webb's allegation that Officer Swensen made the offensive remark, Mr. Webb has failed to state a claim under any of these theories. "Title VI . . . bans discrimination based upon race, color, or national origin in any program or activity receiving federal financial assistance." *Baker v. Bd. of Regents of Kan.*, 991 F.2d 628, 631 (10th Cir. 1993). To state a cause of action under Title VI, a plaintiff must show "(1) that there is racial or national origin discrimination and (2) *the entity* engaging in discrimination is receiving federal financial assistance." *Id.* (emphasis added). Title VI forbids discrimination only by recipients of federal funding; therefore, individual employees of such entities are not liable under Title VI. *See Shotz v. City of Plantation*, 344 F.3d 1161, 1171 (11th Cir. 2003) ("It is beyond question . . . that individuals are not liable under Title VI."); *Buchanan v. City of Bolivar*, 99 F.3d 1352, 1356 (6th Cir. 1996) (rejecting plaintiff's Title VI claim, in part, because she asserted her claim against individuals, rather than the entity allegedly receiving the financial assistance); *see also United States v. Baylor Univ. Med. Ctr.,* 736 F.2d 1039, 1044 n.9 (5th Cir. 1984) (noting that "Title VI requires that the public bodies or private entities receiving the benefits of any such loan refrain from racial discrimination" (internal quotation marks omitted)). Mr. Webb has failed to plead discriminatory action on the part of a governmental entity. Therefore, the Title VI claim fails.

6

Mr. Webb does not provide any factual foundation for his FCA claim. Although his brief contains extensive legal argument, the FCA claim appears to be merely that the "State Actor Defendants and Ogden City Corporation[] submitted False Claims and Statements to the United States Department of Justice from 2006 through the Present in order to participate in Title VI Federal Financial Aid Programs." Aplt. Br. at 17. This conclusory allegation is insufficient to invoke our review. *See Palma–Salazar v. Davis,* 677 F.3d 1031, 1037 (10th Cir. 2012) (declining to address conclusory statements (collecting cases)).

Turning to Mr. Webb's state-law claims, the district court held that he failed to allege that defendants' conduct caused him emotional distress. In his proposed third amended complaint, Mr. Webb again did not allege facts supporting such a claim, but merely referred to "paragraphs 6 through 66, above." R. Doc. 40-1, at 32. It does not appear that those paragraphs even mention emotional distress, let alone establish the elements of a cause of action for intentional infliction of emotional distress. *See Nelson v. Target Corp.*, 2014 UT App 205, ¶ 20 n.4, 334 P.3d 1010, 1017 n.4 (setting out elements for intentional infliction of emotional distress). Mr. Webb's remaining state-law claims are based on an allegedly illegal arrest, imprisonment, and/or prosecution. Since he was not arrested, imprisoned, or prosecuted, these claims perforce were properly dismissed.

## C. Selective Enforcement Claim

Third, Mr. Webb asserts dismissal was unwarranted because discovery was necessary to determine whether his proposed amended complaints stated a claim for

7

selective enforcement.  Mr. Webb does not explain, however, how discovery would assist in stating a claim.  Rather, he argues his selective-enforcement claim is based on harassment by the two white males and Ms. Washington's stalking allegation.  He claims the police officers did not credit his claims because he is African American.  He relies on the offensive statement allegedly made by Officer Swensen.  He further complains that he was investigated for stalking Ms. Washington, while the two men he encountered at the restaurant were not investigated or named in any police report because of their race.  All this, he asserts, demonstrates race-based selective enforcement of the law.

Mr. Webb has failed to state a claim of race-based selective law enforcement.  To state a selective-enforcement claim, a plaintiff must show "that a similarly-situated individual of another race could have been, but was not, stopped or arrested for the offense for which the [claimant] was stopped or arrested," as well as "that discriminatory intent was a motivating factor in the decision to enforce the criminal law against the [claimant]."  *United States v. Alcaraz-Arellano*, 441 F.3d 1252, 1264 (10th Cir. 2006) (brackets, ellipsis, and internal quotation marks omitted) (discussing racial discrimination in traffic stops and arrests).  Mr. Webb did not allege that he was stopped or arrested for an offense that a similarly situated white person could have been, but was not, stopped or arrested for.  Even though Mr. Webb claims he was questioned for harassing Ms. Washington while the two males were not questioned for harassing him, under his undisputed facts his alleged actions toward Ms. Washington were not similar to the males' alleged actions toward him.

8

Moreover, the police officers did not stop Mr. Webb; he summoned the police by calling 911. And no one of any race was detained or arrested. The officers interviewed the two men, Ms. Washington, and Mr. Webb. Although Mr. Webb complains that he was named in a police report while the others were not, this does not implicate selective *law enforcement*. Thus, taking as true Mr. Webb's allegations, including the remark allegedly made by Officer Swensen, Mr. Webb did not state claim for selective enforcement.

### D. Gender Discrimination Claim

For his next issue, Mr. Webb asserts his proposed third amended complaint states a claim for discrimination based on gender, in violation of the Fourteenth Amendment. He has not identified where he presented this claim, in either the proposed second amended complaint or the third. A cursory review of those documents has not revealed such a claim. "We require that 'for each issue raised on appeal, all briefs must cite the precise reference in the record where the issue was raised and ruled on.'" *BWP Media USA, Inc. v. Clarity Dig. Grp., LLC*, 820 F.3d 1175, 1182 (10th Cir. 2016) (brackets omitted) (quoting 10th Cir. R. 28.2(C)(2)). Therefore, we do not consider this claim. *See Rachel v. Troutt*, 820 F.3d 390, 398 (10th Cir. 2016) (holding claim not presented to the district court may not be raised on appeal for the first time).

### E. Rule 54(b) Certification

Fifth, Mr. Webb complains that the district court did not certify its order as final and appealable under Rule 54(b). He asserts such certification was necessary to

9

permit briefing to proceed in an earlier appeal, case No. 16-4046. But that appeal was dismissed June 4, 2016, for lack of a final order. Moreover, Mr. Webb has included in this appeal all district court orders covered by the former appeal. Therefore, the district court's failure to issue a Rule 54(b) certification had no effect on Mr. Webb's appeals.

## F. Recusal of Magistrate Judge

For his sixth issue, Mr. Webb appeals the magistrate judge's order denying recusal. We review the order denying Mr. Webb's motions to recuse for abuse of discretion. *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1308 (10th Cir. 2015).

Mr. Webb sought to recuse the magistrate judge pursuant to 28 U.S.C. §§ 144 and 455, claiming the magistrate judge lacked impartiality and thus was disqualified. He relies, in part, on an alleged comment the magistrate judge made in a related case. But he has not shown where he raised this claim in his motions to recuse and affidavit filed in the district court. *See BWP Media USA, Inc.*, 820 F.3d at 1182 (requiring appellate briefs to cite the precise record reference where issue was raised and ruled on). Moreover, our review of the recusal filings revealed no such claim. Therefore, we do not consider it. *See Rachel*, 820 F.3d at 398 (holding claim not presented to the district court may not be raised on appeal for the first time). Even so, "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been

10

confirmed as federal judges, sometimes display," do not in themselves "establish[ ] bias or partiality." *Liteky v. United States,* 510 U.S. 540, 555-56 (1994).

Mr. Webb also claims the magistrate judge was disqualified to address his claims because (1) the referral pursuant to 28 U.S.C. § 636 had ended, (2) the magistrate judge's law clerk granted an extension of time to amend the complaint, (3) the magistrate judge had recommended imposing filing restrictions which were later reversed, and (4) the magistrate judge issued adverse or delayed rulings in this case and other cases Mr. Webb has filed.

The district court docket sheet reflects that this matter was correctly referred to the magistrate judge. As for the law clerk's alleged grant of an extension of time, even taking as true the allegation that the law clerk agreed to such an extension, only the court was empowered to grant an extension. *See* Fed. R. Civ. P. 6(b) (stating "*the court* may, for good cause,*" grant an extension of time (emphasis added)). The remaining alleged grounds for recusal are adverse rulings. "Unfavorable judicial rulings do not in themselves call into question the impartiality of a judge." *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006). Thus, the magistrate judge did not abuse his discretion in declining to recuse.[3]

---

[3] Mr. Webb also sought recusal of Judge Benson. He has made no appellate argument on this point, so he has waived it. *See Lounds*, 812 F.3d at 1233 (holding issue waived on appeal where party did not make any meaningful appellate argument).

**G. Claims Incorporated By Reference**

For his seventh and eighth issues, Mr. Webb makes cursory reference to his objections to the magistrate judge's February 23, 2016, report and recommendation and to an order concerning filing restrictions entered in another case. Mr. Webb's incorporation by reference of his arguments made before the district court and in another case is "not acceptable appellate procedure." *Fulghum v. Embarq Corp.*, 785 F.3d 395, 410 (10th Cir.), *cert. denied*, 136 S. Ct. 537, 538 (2015). Therefore, these arguments are deemed waived. *See id.*

**IV.    CONCLUSION**

The judgment of the district court is affirmed.

Entered for the Court

Timothy M. Tymkovich
Chief Judge

12