**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 25, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID WEBB,

    Plaintiff - Appellant,

v.

MICHAEL CALDWELL, Ogden City
Mayor; MARK JOHNSON, Ogden
City Chief Administrator; JAY
LOWDER, Ogden City Public Service
Director; EDD BRIDGE, Ogden City
Recreation Manager, ROBERT
GEIER, Supervisor at Ogden City
Golden Hours Senior Center; REGINA
WADMAN, Weber County Senior
Nutrition Coordinator; GEORGE F.
RENTY; OGDEN CITY
CORPORATION; TERRY
THOMPSON, Weber County Sheriff,

    Defendants - Appellees.

No. 16-4142
(D.C. No. 1:15-CV-00059-DAK)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

_____

Plaintiff-Appellant David Webb appeals from the district court's dismissal with prejudice of his complaint and its imposition of filing restrictions. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

Mr. Webb filed his complaint against various Ogden City officials, complaining about their failure to take action against a person that had threatened him. See generally Webb v. Swensen, No. 16-4103, 2016 WL 5724247 (10th Cir. Oct. 3, 2016) (similar theory). In an interlocutory appeal, we remanded the case to the district court so it could determine whether amendment of the complaint would be futile. Webb v. Caldwell, 640 F. App'x 800 (10th Cir. 2016). We did so in connection with the district court's denial of in forma pauperis status. On remand, the district court granted in forma pauperis status, determined that it would be futile to allow an amended complaint, and imposed filing restrictions on Mr. Webb. Webb v. Caldwell, No. 1:15-cv-00059-DAK, 2016 WL 4154343, at *3–4 (10th Cir. Aug. 5, 2016). The district court denied leave to file Mr. Webb's second amended complaint and dismissed the underlying complaint. Id. at *4; see also 28 U.S.C. § 1915(e)(2).

On appeal, Mr. Webb raises fifteen issues. None have merit. Briefly, he argues that the district court did not consider a third amended complaint lodged with the district court. Pl.'s Third Am. Compl., ECF No. 16. He also argues that: (1) he should have been given an additional chance to amend, (2) the second

amended complaint was sufficient, (3) he presented the filing restrictions issue in his prior appeal so the district court could not address it, (4) the filing restrictions are improper, (5) the district court should have appointed counsel as requested, (6) the filing restrictions were effectively imposed without his opposition, (7) the district court lacked jurisdiction because it did not docket his original complaint, (8) the district court's order is contrary to the Tenth Circuit order and judgment, (9) the magistrate judge ignored his other district court cases in order to resolve this one, (10) he has preserved the issue of the magistrate judge's recusal in all his cases, (11) the district court could not rely upon the magistrate judge's report and recommendation, (12) the district court mischaracterized his claim.

Mr. Webb has an obvious and fundamental misunderstanding of the prior appeal. There we only exercised jurisdiction over the district court's denial of in forma pauperis status. See Lister v. Dep't of Treasury, 408 F.3d 1309, 1310–11 (10th Cir. 2005). The district court granted such status on remand, ordered the filing of the complaint, and, in the spirit of compliance with our mandate, considered whether amendment was appropriate. Order, ECF No. 30. It also properly considered filing restrictions; the prior appeal did not address the issue. Id.

Whether we consider Mr. Webb's proposed second amended complaint or the subsequent complaint lodged with the district court, the outcome is the same. Exercising de novo review, we conclude that both patently violate Rule 8(a) of

the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." They also fail to plausibly suggest that any defendant is liable (on any theory propounded by Mr. Webb) for the conduct alleged. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Though one might receive a benefit from having someone prosecuted or arrested, one lacks a constitutional right to such a response from governmental officials. Town of Castle Rock v. Gonzales, 545 U.S. 748, 768 (2005). We find no abuse of discretion in the district's court's imposition of filing restrictions in uncounseled cases. See Tripati v. Beaman, 878 F.2d 351, 353–54 (10th Cir. 1989) (per curiam). The procedure has two levels of review, and was imposed after consideration of Mr. Webb's lengthy and abusive litigation history[1] as well as his objections.

Finally, Mr. Webb argues that Magistrate Judge Pead (and indeed all Utah federal judicial officers including Judge Kimball) must be recused from any cases involving him. Mr. Webb filed a motion for recusal of Judge Shelby and Magistrate Judge Pead, claiming that a reasonable person would question their impartiality. Mot., ECF No. 28; see 28 U.S.C. § 455(a). Judge Shelby recused and Judge Kimball was assigned the case. Judge Kimball determined that the

---

[1] Webb v. Caldwell, No. 1:15-cv-0059-RJS, 2015 WL 5246988, at *4–6 (D. Utah Apr. 28, 2015) (Magistrate Judge Pead's R. & R., ECF No. 2); see also Swensen, 2016 WL 5724247; Webb v. Smith, No. 16-4018, 2016 WL 4036450 (10th Cir. July 25, 2016).

- 4 -

motion was moot because Judge Shelby had recused and the reference to Magistrate Judge Pead had terminated. Order, ECF No. 30. We find no abuse of discretion in Judge Kimball's characterization. Mr. Webb contends that Judge Kimball should have recused because he had done so in other cases and various federal judges have ignored the salient facts of Mr. Webb's complaints. Neither of these reasons are persuasive. Adverse rulings are not a proper basis for recusal and Mr. Webb provided no basis suggesting partiality in this case. See Hinman v. Rogers, 831 F.2d 937, 938–39 (10th Cir. 1987).

AFFIRMED. All pending motions are denied.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge