**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 20, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID WEBB,

      Plaintiff - Appellant,

v.

KIER PROPERTY MANAGEMENT
AND REAL ESTATE; SUZANNAH
KNOWLDEN; CHRISTOPHER
BISHOP, Ogden City Master Police
Officer; OGDEN CITY
CORPORATION,

      Defendants - Appellees.

No. 16-4174
(D.C. No.1:16-CV-00001-DS)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

.

David Webb appeals from an order of the United States District Court for the District of Utah dismissing Webb's civil rights complaint pursuant to the provisions of 28 U.S.C. § 1915(e). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms**.

Webb filed a 140-page complaint[1] in the District of Utah, naming as defendants Ogden City, a private entity, and numerous individuals. The matter was referred to a magistrate judge for initial screening and preparation of a report and recommendation. 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommended that the federal claims set out in Webb's complaint be dismissed with prejudice pursuant to the provisions of § 1915(e)(2)(B)(ii).[2] In particular, the magistrate judge noted that none of the behavior identified by Webb amounted to a violation of his rights under the Fourteenth Amendment. Upon de novo review, the district court adopted the magistrate judge's report and recommendation and dismissed Webb's complaint.

---

[1]In an order filed May 13, 2016, the district court recognized that Webb had filed two separate documents that he sought to have considered together as one complaint. Accordingly, the district court considered Webb's filings in docket entries Nos. 7 and 9 as Webb's operative complaint.

[2]In so recommending, the magistrate judge recognized the result would amount to a dismissal without prejudice of any attendant state law claims. *See* Report & Recommendation at 4-5 & 5 n.17 (citing 28 U.S.C. § 1367(c)(2) for the following proposition: "If the case cannot move forward against a state actor, the Court will not retain supplemental jurisdiction over the other parties and other claims.").

This court reviews de novo the district court's dismissal of Webb's complaint. *Conkle v. Potter*, 352 F.3d 1333, 1335 (10th Cir. 2003) (conducting de novo review of dismissal pursuant to § 1915(e)(2)(B)(ii)). Upon de novo review, we affirm the district court for substantially those reasons set out in the magistrate judge's report and recommendation, dated May 19, 2016, and the district court's order, dated September 19, 2016. In so doing, we note Webb's complaint fits comfortably within a pattern of quite similar lawsuits and that this court has consistently concluded such suits do not state a constitutional violation. *See, e.g.*, *Webb v. Caldwell*, No. 16-4142, 2016 WL 6211802 at *1 (10th Cir. Oct. 25, 2016) (affirming dismissal of suit by Webb complaining about the failure of various government officials to take action against a person who threatened Webb); *Webb v. Swensen*, No. 16–4103, 2016 WL 5724247 at *1 (10th Cir. Oct. 3, 2016) (same). We further note that Webb's assertion the magistrate judge should have recused herself is utterly meritless. A recusal motion cannot be based exclusively on adverse legal rulings. *Willner v. Univ. of Kan.*, 848 F.2d 1023, 1028 (10th Cir. 1988).

For those reasons set out above, the order of the district court dismissing Webb's complaint is hereby **AFFIRMED**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge